IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JERMAINE LONNIE BAINES, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:16CV033 |
| v. ) | 1:13CR255-2 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## ORDER AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Petitioner Jermaine Lonnie Baines has brought a motion (Docket Entry 101) to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On November 6, 2013, Petitioner pled guilty, pursuant to a plea agreement, to one count of conspiracy to interfere with commerce by robbery ("conspiracy to commit Hobbs Act robbery") in violation of 18 U.S.C. § 1951(a); and one count of possession of firearms in furtherance of a crime of violence (*i.e.*, conspiracy to commit Hobbs Act robbery) and a drug trafficking crime (*i.e.*, conspiracy to distribute cocaine hydrochloride) in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(i); and was subsequently sentenced to 262 months of imprisonment. (Docket Entries 38, 44, 77; Minute Entry 11/6/2013.[1]) Petitioner's appeal was unsuccessful. *United States v. Baines*, 597 Fed. App'x. 156 (4th Cir. 2015). Petitioner then filed the instant motion on January 14, 2016 and a supplement several months later. (Docket Entries 101, 113.) The Government responded on May 17, 2016, and Petitioner replied on June 3, 2016. (Docket Entries 114, 118.) The Court appointed Petitioner counsel as to his *Johnson*-related claims and placed the case in abeyance

---

[1] Unless otherwise noted, all record citations are to Case No. 1:13cr00255-2.

pending the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886 (2017). (Text Orders 7/27/2016, 9/14/2016.) On May 17, 2018, the Court again placed this matter in abeyance pending several decisions by the Fourth Circuit Court of Appeals.[2] (Text Order 5/17/2018.)

During the course of litigation, Petitioner has filed several other motions and documents. In 2017, Petitioner filed a motion to remand (Docket Entry 143), a "Motion to Dismiss Indictment and Void Judgment for Lack of Subject Matter Jurisdiction" (Docket Entry 144), a second supplement to his § 2255 motion (Docket Entry 146), and a motion for entry of default judgment (Docket Entry 147). In late 2019, Petitioner also filed a motion to supplement (Docket Entry 165) the instant § 2255 motion. In early 2020, Petitioner additionally filed a motion requesting copies of documents (Docket Entry 177), a motion to amend (Docket Entry 178) the instant § 2255 motion, and a third supplement (Docket Entry 188). The matter is now ripe for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

### **PETITIONER'S GROUNDS FOR RELIEF**

Petitioner raises three grounds for relief. First, he argues that in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015) he is no longer a career offender under the advisory guidelines. (Docket Entry 101 at 2-5.) Second, he claims that he is entitled to a reduction in his sentence

---

[2] The issues raised in *Beckles* and these Fourth Circuit cases have been sufficiently resolved such that this Court can now issue a ruling on Petitioner's § 2255 motion. Additionally, the Court ordered on March 25, 2020 that this case be held in abeyance pending the Fourth Circuit's decision in *United States v. Taylor*, No. 19-7616. (Text Order 3/25/2020.) However, on further reflection, the undersigned concludes that a stay pending a decision in *Taylor* is unnecessary.

pursuant to Amendment 782 of the United States Sentencing Guidelines. (*Id.* at 5.) Third, he argues that his § 924(c) conviction is invalid in light of *Johnson*. (Docket Entry 104 at 2.) Petitioner's arguments are without merit.

## DISCUSSION

### 1. Ground One: Career Offender Enhancement

Petitioner first argues that, in light of *Johnson*, his prior state conviction for conspiracy to commit burglary no longer qualifies as a career offender predicate under the advisory guidelines. (Docket Entry 101 at 2-3.) However, this argument is not persuasive. As the Fourth Circuit explained in addressing a guidelines challenge based on *Johnson*:

> After [the petitioner] made [his] argument [that *Johnson* invalidated his career offender designation] . . . , the Supreme Court issued its decision in [*Beckles v. United States*, 137 S. Ct. 886 (2017)]. In *Beckles*, the petitioner was . . . sentenced as [a] "career offender" under the Sentencing Guidelines—a sentencing enhancement that . . . depended on the defendant having two prior convictions for a "crime of violence," as that term is defined in U.S.S.G. § 4B1.2(a). The petitioner challenged his sentence, arguing that one of his prior convictions was not a crime of violence after the [Supreme] Court's decision in *Johnson*. The government conceded . . . that the residual clause in § 4B1.2(a) was unconstitutionally vague, but it argued that the petitioner's sentence nonetheless remained valid. The Court, however, did not accept the government's concession. Instead, it rejected the petitioner's effort to apply *Johnson* to the Sentencing Guidelines, explaining:
>
>> Unlike the [Armed Career Criminal Act at issue in *Johnson*], the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge

3

> under the Due Process Clause. The residual clause
> in § 4B1.2(a)(2) therefore is not void for vagueness.
>
> This decision clearly forecloses [Petitioner's] argument based on *Johnson*.

*United States v. Mack*, 855 F.3d 581, 585 (4th Cir. 2017) (internal citations and ellipsis omitted) (citing and quoting *Beckles*, 137 S. Ct. at 892). Therefore, *Johnson* does not invalidate Petitioner's career offender enhancement and it remains valid.[3]

**2. Ground Two: Amendment 782 Sentence Reduction**

Petitioner next argues that he is entitled to a sentence reduction pursuant to Amendment 782 of the guidelines. (Docket Entry 101 at 5.) "Amendment 782 reduced by two levels those offense levels assigned to drug quantities in U.S.S.G. §§ 2D1.1 and 2D1.11." *United States v. Hall*, No. 6:08-cr-00013-1, 2019 WL 3824252, at *2 (W.D. Va. Aug. 14, 2019) (citing U.S.S.G. App. C., amend. 782 (Supp. 2014)). The guidelines for Petitioner's convictions for conspiracy to commit Hobbs Act robbery and possession of firearms in furtherance of crimes of violence and drug trafficking crimes are found in §§ 2B3.1 and 2K2.4, not §§ 2D1.1 and 2D1.11. (*See* Docket Entry 128 ¶¶ 41, 43.) Additionally, Petitioner was sentenced pursuant to the career offender guidelines, and Amendment 782 has no impact for this reason as well. *See United States v. Jones*, No. 7:11CR00039, 2019 WL 1559023, at *2-3 (W.D. Va. Apr. 10,

---

[3] In a supplemental pleading, Petitioner challenges his career offender status in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016). (Docket Entry 146.) As the undersigned has explained elsewhere, such a claim has no merit. *See Best v. United States*, No. 1:08CR60-2, 2017 WL 3726437, at *1 (M.D.N.C. July 6, 2017); *Isom v. United States*, No. 1:03CR241-1, 2018 WL 7141872, at *5 (M.D.N.C. Nov. 2, 2018) ("As for *Mathis*, that case is not retroactive on collateral review.").

4

2019). Therefore, Amendment 782 is not applicable to Petitioner's sentence and his argument is without merit.

### 3. Ground Three: § 924(c) Conviction

Petitioner also claims that his § 924(c) conviction is invalid in light of *Johnson* because conspiracy to commit Hobbs Act robbery no longer qualifies as a crime of violence. (Docket Entry 104 at 2.) Petitioner's argument is without merit. As an initial matter, the Court notes that *Johnson* (which addressed the Armed Career Criminal Act) does not govern this issue (because Petitioner was not designated an armed career criminal). *See Johnson*, 135 S. Ct. at 2555. Rather, the relevant decision here is *United States v. Davis*, 139 S. Ct. 2319 (2019). As described in that decision, 18 U.S.C. § 924(c)

> authorizes heightened criminal penalties for using or carrying a firearm "during and in relation to," or possessing a firearm "in furtherance of," any federal "crime of violence or drug trafficking crime." § 924(c)(1)(A). The statute proceeds to define the term "crime of violence" in two subparts—the first known as the elements clause [or, alternatively, the force clause], and the second the residual clause. According to § 924(c)(3) a crime of violence is "an offense that is a felony" and
>
> > "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> >
> > [ ](B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

*Davis*, 139 S. Ct. at 2323. The Supreme Court in *Davis* held that § 924(c)(3)(B), the residual clause, is unconstitutional. *Id.* at 2336. However, § 924(c)(3)(A), the force clause, remains valid.

5

The Fourth Circuit has held that conspiracy to commit Hobbs Act robbery is *not* a crime of violence under the force clause. *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019). Petitioner's claim thus would have merit if conspiracy to commit Hobbs Act robbery was the only predicate offense for his § 924(c) conviction. However, it was not. Petitioner's § 924(c) conviction was also predicated upon a drug-trafficking predicate offense: conspiracy to distribute cocaine hydrochloride.[4] (Docket Entry 38 (Count Three), Docket Entry 44, ¶¶ 1-2, 77.) "A charge of conspiracy under 21 U.S.C. § 846 is a proper predicate for a § 924(c) offense." *United States v. Jackson*, 953 F.2d 640 (4th Cir. 1992); *see also Hillard v. United States*, Nos. ELH-17-0191, ELH-19-2326, 2020 WL 1440370, at *6 (D. Md. Mar. 24, 2020) (noting that § 924(c) "specifically includes § 846 drug conspiracies"). Nor does it matter that Petitioner was not actually convicted of conspiracy to distribute cocaine, given that he admitted to the facts underlying that crime at his change of plea hearing. (Docket Entry 42 at 7-8, 11; Docket Entry 90 at 17-19.) *See United States v. Carter*, 300 F.3d 415, 424-25 (4th Cir. 2002) (holding that "§ 924(c) convictions do not require a conviction on the predicate drug trafficking offense"

---

[4] The fact that one predicate offense is ultimately invalid does not undermine a petitioner's § 924(c) conviction where the conviction was also based on another valid predicate offense. *See United States v. Cannon*, 778 Fed. App'x. 259, 260-61 (4th Cir. 2019) ("The § 924(c) count to which he pled guilty was predicated not only on [Hobbs Act] conspiracy but also on substantive Hobbs Act robbery that Cannon committed on April 27, 2015; and his stipulated statement of facts established that he committed that substantive offense."); *United States v. Hare*, 820 F.3d 93, 105-06 (4th Cir. 2016). Here, as noted, Petitioner's § 924(c) conviction was predicated not only upon Hobbs Act conspiracy, but also upon a drug trafficking crime that he stipulated he committed, conspiracy to distribute cocaine hydrochloride. (Docket Entry 42 at 7-8, 11.)

6

and that a § 924(c) conviction requires only a showing that a factfinder could have convicted on the predicate offense). Therefore, Petitioner's § 924(c) conviction remains valid.[5]

## Motion to Remand

Petitioner has also filed a motion seeking to remand this case to North Carolina state court due to an alleged lack of subject-matter jurisdiction and improper removal procedures. (Docket Entry 143.) However, there was no removal proceeding here and, beyond this, Petitioner was convicted in federal court of a violation of federal law. This motion has no merit and should therefore be denied.

## Motion to Dismiss Indictment and Void Judgment

Petitioner has also filed a motion seeking to dismiss his indictment and void the judgment against him due to lack of subject-matter jurisdiction. (Docket Entry 144.) As explained, Petitioner was convicted in federal court of a violation of federal law. This motion has no merit and should also be denied.

---

[5] Petitioner's co-defendants have successfully challenged their § 924(c) convictions. (Case No. 1:13-cr-00255, Docket Entries 161, 167, 175, 176.) However, this is of no benefit to Petitioner because his case is factually distinct. Petitioner and his co-defendants were initially indicted on the same counts. (Case No. 1:13-cr-00255, Docket Entry 18.) This included a § 924(c) count in which there was only one predicate offense: conspiracy to commit Hobbs Act robbery. (*Id.* at 5-6.) Petitioner's co-defendants pled guilty to the § 924(c) count in this initial indictment. (Case No. 1:13-cr-00255, Docket Entries 25, 37; Minute Entries 8/16/2013, 9/3/2013.) After Petitioner's co-defendants pled guilty, the Government filed a superseding indictment as to Petitioner only. (Docket Entry 38.) The § 924(c) count in the superseding indictment contained an additional predicate offense: conspiracy to distribute cocaine hydrochloride. (Docket Entry 38 at 6.) Petitioner pled guilty to the § 924(c) count contained in the superseding indictment. (Docket Entry 44; Minute Entry 11/6/2013.) Petitioner's § 924(c) conviction is thus materially different from the convictions of his co-defendants and he is not similarly situated to them.

7

## Motion for Entry of Default Judgment

Petitioner also seeks entry of default judgment on his behalf based upon the Government's failure to respond to his motion to remand and motion to dismiss the indictment and void the judgment. (Docket Entry 147.) As explained above, neither of those motions has merit, nor do any of the grounds for relief set forth in Petitioner's § 2255 motion. Consequently, entry of judgment in Petitioner's favor is unwarranted here and this motion should also be denied.

## Motion to Supplement

Petitioner has also filed a motion to supplement, in which he seeks to amend his § 2255 motion to add several ineffective assistance of counsel claims. (Docket Entry 165.) For the following reasons, this motion is denied as futile.

More specifically, Petitioner's new claims are subject to the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). Where claims raised for the first time in an amended motion are not filed within the applicable time limit, the untimely claims are barred by AEDPA unless they "relate back" to claims raised in the original filing. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000); Fed. R. Civ. P. 15(c).

Rule 15(c)(1)(B) provides that an amendment relates back when it "asserts a claim or defense that arose out of the conduct, transaction or occurrence set out—or attempted to be set out—in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). As the Supreme Court stated in *Mayle v. Felix*, in the context of a habeas motion, "conduct, transaction, or occurrence" does

8

not mean the same "trial, conviction, or sentence," such that any claim that relates to the prior conviction or sentence challenged in a habeas motion is considered timely, no matter how long after the original motion it is filed. 545 U.S. 644, 664 (2005). Rather, a proposed amendment relates back to the date of the original motion if it "state[s] claims that are tied to a common core of operative facts." *Id.* For example, a new claim of ineffective assistance of counsel does not relate back to an earlier asserted claim of ineffective assistance of counsel if the "new claim asserts 'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" *United States v. Gonzalez*, 592 F.3d 675, 680 (5th Cir. 2009) (quoting *Mayle*, 545 U.S. at 650).

Here, Petitioner's motion for leave to amend is problematic. First, Petitioner makes no argument that the claims he proposes to add relate back to his initial § 2255 motion. Second, a review of the relevant documents makes it clear that Petitioner's proposed amended claims do not relate back to Petitioner's initial § 2255 motion. *Mayle*, 545 U.S. at 664. As explained earlier, in his original § 2255 motion, Petitioner attacked his career offender designation and his § 924(c) conviction, and he also sought a sentence reduction under a guidelines amendment. In his request to amend, however, Petitioner raises unrelated grounds for relief. Specifically, Petitioner seeks to add claims faulting counsel (1) for telling him that he thought it was in Petitioner's best interest to enter into a plea agreement; (2) for allowing the Government to supersede Petitioner's indictment after Petitioner signed, and then reneged on, a prior plea agreement; (3) for failing to attempt to strike an inculpatory statement that Petitioner made to federal agents, (4) for withdrawing a *pro se* motion to suppress that

9

Petitioner filed with the Court, (5) for not showing him the pre-sentence report, and (6) because defense counsel "did everything without [Petitioner's] permission." (Docket Entry 165 at 2-5.) Petitioner may also be arguing that appellate counsel misadvised him as to his advisory guideline sentencing range. (*Id.* at 5.) These new grounds are unrelated to those he initially raised.

Consequently, these new claims will be allowed only if they are timely as of the date of the filing of the motion seeking amendment, December 3, 2019. (Docket Entry 165.) Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522, 527 (2003). Where no direct appeal is filed, the conviction becomes final when the notice of appeal period expires. *Id.*; Fed. R. App. P. 4(b). Here, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction on January 27, 2015. *United States v. Baines*, 597 Fed. App'x 156 (4th Cir. 2015). This means that Petitioner then had until late-April 2015 to file a petition for writ of certiorari with the Supreme Court, which he did not do. *Clay*, 537 U.S. at 525 (noting the ninety-day deadline to file a petition for a writ of certiorari with the high court). Petitioner's one-year limitation period therefore began in late April of 2015 and ended one year later in late April of 2016. However, his proposed new claims were not filed until December of 2019, more than three years after the expiration of the limitations period. (Docket Entry 165.) Petitioner's amended claims are not timely under

10

subsection (f)(1). Only if another subsection gives Petitioner more time to file would his amended claims be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his § 2255 motion. Petitioner fails to allege that any unlawful governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that he is relying upon any such right as to these proposed new grounds for relief,[6] nor does the Court see how he could. This subsection does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's new claims are based on facts that existed and were, or through the exercise of due diligence could have been, known to him at the time his judgment became

---

[6] Petitioner does contend that the grounds he raised in his *original* 2255 motion are timely in light of *Johnson* and *Davis*. (Docket Entry 101, Docket Entry 188.) However, the Court has addressed those grounds above and found them to be without merit and, beyond that, *Johnson* and *Davis* do not provide a new starting date for the limitations period as to Petitioner's proposed new claims. When analyzing a "new right" under 2255(f)(3), the time limitation applies to that singular right. *See DeCoteau v. Schweitzer*, 774 F.3d 1190, 1192 (8th Cir. 2014) (noting that the limitations period would have little to no significance if "[a] defendant, by filing one timely claim, could resurrect previously time-barred claims — a result the drafters did not intend"); *see also Brisbane v. United States*, No. 9:04-CR-00524-DCN, 2017 WL 2311586, at *4 (D.S.C. May 26, 2017) ("This court cannot allow a petitioner to tack on an untimely claim to a petition filed under *Johnson* simply because the *Johnson* claim is timely.").

11

final. Therefore, this subsection also does not apply, and Petitioner's new claims are untimely.[7] It would be futile to permit Petitioner to amend his motion to add untimely claims, and the motion to supplement in order to amend will therefore be denied.[8]

## Motion to Amend

Petitioner has also filed a second request seeking to amend his original § 2255 motion to add additional grounds for relief, some of which are duplicative of those addressed above in the prior request to amend, along with a new ground asserting that he was entitled to plead guilty to the original indictment, rather than the superseding indictment. (Docket Entry 178.) However, the proposed new grounds in this motion are all subject to the one-year statute of limitations and, if raised, would also be time-barred for the same reasons set forth above. Additionally, Petitioner again claims that he did not actually possess a firearm and that, as a result, he is innocent of the § 924(c) count to which he pled guilty. (*Id.*) As noted earlier, Petitioner's conclusory assertions of innocence are insufficient to toll the federal habeas

---

[7] Petitioner does not request equitable tolling, nor does the undersigned see how it could apply here even if Petitioner did make such a request. Also, Petitioner's conclusory assertions of innocence are insufficient to toll the federal habeas deadline. (Docket Entry 165 at 5-6.) *See Newell v. Soloman*, No. 1:17CV254, 2017 WL 7058234, at *5 (M.D.N.C. Dec. 1, 2017) ("Mere conclusory statements are insufficient to toll the federal habeas deadline."); *see Nickerson*, 971 F.2d at 1136 (4th Cir. 1992), *abrog'n on other grounds recog'd*, *Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999).

[8] *See Steele v. Capital One Home Loans, LLC*, 594 Fed. App'x 215, 216 (4th Cir. 2015) (recognizing a motion to amend as nondispositive); *Hughes v. Research Triangle Institute*, No. 1:11cv546, 2013 WL 5724522, at * 1, n. 1 (M.D.N.C. Oct. 21, 2013) ("a motion to amend is a nondispositive pretrial matter that the Magistrate Judge does not have to address by recommendation."). Additionally, even if the Court were to entertain Petitioner's proposed new grounds for relief, they would fail on the merits. The proposed grounds all fail for being vague, conclusory, and unsupported, or, alternatively, for want of prejudice. *See Nickerson*, 971 F.2d at 1136; *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984).

12

deadline or to warrant any form of relief. *See Newell*, 2017 WL 7058234, at *5; *see Nickerson*, 971 F.2d at 1136. It would be futile to permit Petitioner to amend his motion to add untimely claims, and the motion to amend will therefore be denied.

In this motion, Petitioner also requests that the Court provide him with copies of his plea and sentencing transcripts so that he can "review them for legal purposes." (Docket Entry 178 at 3.) With respect to the request for transcripts, under 28 U.S.C. § 753(f), a petitioner proceeding *in forma pauperis* is entitled to a copy of his transcripts at Government expense in a federal habeas proceeding only if he demonstrates that the suit is "not frivolous" and that the transcript is "needed to decide the issue" presented in the suit. *See* 28 U.S.C. § 753(f); *United States v. MacCollom*, 426 U.S. 317, 320-21 (1976) (noting that § 753(f) contains "a limited grant of authority to the courts to authorize the expenditure of public funds for furnishing transcripts to plaintiffs in § 2255 actions," but only where the court certifies that the claims are "not frivolous" and that the transcript is "needed to decide the issue presented by the suit"); *see also United States v. Parker*, 273 Fed. App'x 243 (4th Cir. 2008) ("An indigent defendant is entitled to free transcripts from his criminal proceedings only upon a showing of a particularized need for the transcript."); *United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963) ("An indigent is not entitled to a transcript at government expense without a showing of the need, merely to comb the record in the hope of discovering some flaw."). Similarly, under 28 U.S.C. § 2250, the Court may direct the Clerk to provide copies of documents or parts of the record at Court expense, but a petitioner must demonstrate a particularized need in relation to the claims he seeks to raise. *See* 28 U.S.C. § 2250; *United States v. Harris*, Crim. No. 06-20131-

13

01-KHV, 2010 WL 604183, at *1 (D. Kan. Feb. 17, 2010) (unpublished) (citing § 2250 as authority for denial of generalized request for transcripts); *Cassidy v. United States*, 304 F. Supp. 864, 867 (W.D. Mo. 1969) (applying § 2250 to a motion under § 2255).

Petitioner has not shown that transcripts are necessary for him to frame his § 2255 motion. For these reasons, the Court will deny Petitioner's request for transcripts at the Court's expense.

### **Motion for Copies**

Last, Petitioner also requests (Docket Entry 177) copies of a status report filed by the Government requesting a temporary abeyance (Docket Entry 154), his own reply to a May 18, 2018 text order putting this case in temporary abeyance (Docket Entry 155), and his own motion to supplement in which he attempts to raise various claims (discussed above) subject to the one year limitations period (Docket Entry 165). Petitioner asserts he does not have access to these documents due to a lockdown at the facility in which he is incarcerated. (Docket Entry 177.) As explained, the Court may direct the Clerk to provide copies of documents or parts of the record at Court expense, but a petitioner must demonstrate a particularized need in relation to the claims he seeks to raise. Petitioner has not demonstrated such a need. As explained above, all of Petitioner's grounds for relief are either without merit, subject to the one-year time-bar, or both. Copies of the documents that Petitioner requests will not change this. Consequently, the motion (Docket Entry 177) is denied.

14

## CONCLUSION

For the reasons set forth above, Petitioner's § 2255 motion should be denied. An evidentiary hearing is not warranted in this matter.

**IT IS THEREFORE ORDERED** that Petitioner's motion to supplement (Docket Entry 165) and motion to amend (Docket Entry 178) both be **DENID** on the grounds of futility and that Petitioner's motion for copies (Docket Entry 177) be **DENIED** as explained above.

**IT IS RECOMMENDED** that the stay in this matter be **LIFTED**, that Petitioner's motion to vacate, set aside or correct sentence (Docket Entry 101), motion to remand (Docket Entry 143), motion to dismiss indictment and void the judgment (Docket Entry 144), and motion entitled "Affidavit for Entry of Default Judgment" (Docket Entry 147) all be **DENIED** and that judgment be entered dismissing the action.

_____
Joe L. Webster
United States Magistrate Judge

Durham, North Carolina
June 16, 2020