IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| JERMAINE LONNIE BAINES, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) Civil No. 1:22-cv-689 |
| | ) Crim No.1:13-cr-255-NCT-2 |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OBJECTION TO THE RECOMMENDATION AND ORDER
## OF UNITED STATES MAGISTRATE JUDGE

COMES Movant, JERMAINE LONNIE BAINES ("Baines"), appearing *pro se*, and files his Objection to the Recommendation and Order of United States Magistrate Judge, and would show as follows:

### PRELIMINARY STATEMENT

As a preliminary matter, Baines respectfully requests that this Court be mindful that *pro se* pleadings are to be construed liberally. See *United States v. Wilson*, 699 F.3d 789 (4th Cir. 2012) (*Pro se* pleadings are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (same); and *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (same).

### OBJECTION TO UNITED STATES MAGISTRATE JUDGE'S RECOMMENDATION

The Recommendation and Order of the United States Magistrate Judge has misconstrued Baines' Motion under 28 U.S.C. § 2255(f)(3) to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") as a second or successive § 2255 Motion. Baines objects to the Court's misconstruing his § 2255 (f)(3) Motion. It is not a second or successive § 2255 Motion.

Section 2255 of Title 28 authorizes motions based on a defendant's claim that, among other things, the defendant's "sentence was imposed in violation of the Constitution or laws of the United States ... [or] was in excess of the maximum authorized by law." Such motions must be filed within one year of the defendant's judgment of conviction or, as applicable here, within one year of the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. See 28 U.S.C. § 2255(f)(3); *United States v. Powell*, 691 F.3d 554 (4th Cir. 2012)(reversing the district court) held that *Teague* retroactivity applied to a prior Fourth Circuit opnion, and remanded with instruction to vacate a federal conviction. Baines contends that his § 2255 motion satisfies the conditions of § 2255(f)(3) because *United States v. Taylor*, (No. 20–1459) (S. Ct. June 21, 2022) recognized a new substantive right, which should be retroactively applied to his motion.

Accordingly, his § 2255 Motion(f)(3) is not a second or successive § 2255 Motion and should be allowed to be ruled on the merits.

## CONCLUSION

For the above and foregoing reasons, the Court should sustain Baines objection and deem his § 2255 Motion timely and not second or successive, and rule on the merits.

Respectfully submitted,

Dated: September 30, 2022

JERMAINE LONNIE BAINES
REG. NO. 20337-057
USP HAZELTON
U.S. PENITENTIARY
P.O. BOX 2000
BRUCETON MILLS, WV 26525

2

**CERTIFICATE OF SERVICE**

I hereby certify that on September 30, 2022, a true and correct copy of the above and foregoing Objection to the Recommendation and Order of the United States Magistrate Judge was sent via First Class U. S. Mail, postage prepaid, to Kyle David Pousson, Assistant United States Attorney at United States Attorney's Office, 101 S. Edgeworth St., 4th Floor, Greensboro, NC 27401.

JERMAINE LONNIE BAINES

3