# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | 1:13-CR-255-2 |
| JERMAINE LONNIE BAINES, ) | |
| Defendant. ) | |

**MEMORANDUM, OPINION AND ORDER**

LORETTA C. BIGGS, District Judge.

Before the Court is Defendant's Motion for Compassionate Release. (ECF No. 254.) The Government filed a response opposing Defendant's motion, (ECF No. 263), and Defendant filed a reply. (ECF No. 266.) Defendant also made supplemental filings in support of his motion. (ECF Nos. 295 -297.) Having considered the arguments of the parties, the Court finds Defendant has shown an extraordinary and compelling reason for a reduction in sentence, but a consideration of the factors under 18 U.S.C. § 3553(a) weigh against a reduction. For the reasons discussed below, Defendant's Motion for Compassionate Release (ECF No. 254) will be denied.

## I. BACKGROUND

Defendant, along with two co-defendants, was indicted for his involvement in a fictious stash house sting. On November 6, 2013, Defendant pleaded guilty to one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and one count

of possession of a firearm in furtherance of a crime of violence and drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A).  (ECF No. 77 at 1; ECF No. 90 at 17.)  Defendant was determined to be a career offender, and his guideline range was 262 to 327 months' imprisonment.  (ECF No. 91 at 2-3; ECF No. 128, ¶ 48.)  Defendant was sentenced to 262 months of imprisonment, 202 months' imprisonment on the Hobbs Act Robbery and 60 months' imprisonment for the 924(c) conviction.  (ECF No. 77 at 2-3.)  Defendant has served about 144 months in prison which is approximately 55% of his sentence.  (ECF No. 263-2 at 4.)  Defendant is 52 years old, and his current projected release date is May 14, 2032.[1]

## II. ARGUMENTS OF THE PARTIES

Defendant argues there have been changes in the law and he can show a gross disparity between his sentence and the sentence he would receive if sentenced today.  He argues his Hobbs Act robbery would no longer qualify as a crime of violence under U.S.S.G. § 4B1.1 so he would no longer be subject to the career offender enhancement.  He also argues there is a gross disparity between his sentence and the sentence of his co-defendants which supports granting a reduction of his sentence.  (ECF No. 266 at 3.)  Finally, he contends he is "dedicating [his] life to change" and notes his efforts at rehabilitation.  (ECF No. 254 at 3.)

The Government construes Defendant's argument as an attack on the validity of his sentence, and relying on *United States v. Ferguson*, 55 F.4th 262 (4th Cir. 2022), argues the issue is not properly before the Court in a motion under 18 U.S.C. § 3582.  (ECF No. 263 at 4-6.) Alternatively, the Government contends that Defendant is unable to show an extraordinary

---

[1] Fed. Bureau of Prisons, *Find An Inmate*, https://www.bop.gov/inmateloc/ (last visited Jun. 2, 2025) (enter "20337-057" in BOP Register Number field).

and compelling circumstance. The Government notes that Defendant filed a previous motion for compassionate release which was denied by the Court.[2] (*See id.* at 7-8; ECF No. 219 at 9-10, 17-18.) Relying on language in the Court's earlier ruling, the Government asserts that although Defendant would no longer be considered a career offender if sentenced today, he is unable to show an extraordinary and compelling reason to support a reduction. (ECF No. 263 at 7-8.) The Government further argues that a consideration of the § 3553(a) factors weigh against any reduction in sentence. (*Id.* at 8-9.)

## III. DISCUSSION

A sentence imposed under the law is intended to be final. *See United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010). However, a sentence may be modified when a specific provision of law or statute provides a basis for relief. *Id.*; *see also* 18 U.S.C. § 3582(b). To receive a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), a defendant must show: (1) extraordinary and compelling reasons exist to support a reduction; (2) a consideration of the relevant 18 U.S.C. § 3553(a) factors weigh in favor of sentence reduction; and (3) the reduction is consistent with the applicable policy statements issued by the Sentencing Commission. *United States v. Davis*, 99 F.4th 647, 654 (4th Cir. 2024); *United States v. Centeno-Morales*, 90 F.4th 274, 279 (4th Cir. 2024).

Section 3582 requires a defendant to exhaust administrative remedies before seeking relief in court. *See* 18 U.S.C. § 3582(c)(1)(A). Defendant filed a request for compassionate

---

[2] Defendant's prior motion did not assert he should receive a reduction because he would no longer qualify as a career offender if sentenced today or mention a sentencing disparity on that basis. Rather, it focused on the disparity between his sentence and the sentences of his co-defendants, as well as the general unfairness of the fabricated stash house sting and his rehabilitation. (ECF Nos. 214, 216, 218.)

release with the Bureau of Prisons which was denied by the warden on April 19, 2021, (ECF No. 263-1 at 1), and the Government concedes exhaustion. (ECF No. 263 at 4.) Therefore, the Court finds that Defendant has exhausted administrative remedies as required by § 3582 and will proceed to the merits of Defendant's motion. *See United States v. Muhammad*, 16 F.4th 126, 131 (4th Cir. 2021).

The Government, relying on *Ferguson*, argues that Defendant's claims are an attack on his sentence and not properly before the Court in a motion for compassionate release. At the time the Government filed its response it did not have the benefit of the Fourth Circuit's ruling in *United States v. Davis*. In *Davis*, the court addressed a defendant's argument advocating for a reduction in sentence based on an intervening change in the law that would impact his status as a career offender. 99 F.4th at 657. The Fourth Circuit held that such an argument was not an attack on the validity of the sentence, but an argument for compassionate release appropriately raised under § 3582. (*Id.*) Likewise, in the instant case, Defendant is not arguing his sentence is illegal. Rather, he is asserting there have been intervening changes in the law that would impact his career offender status if sentenced today and support granting a reduction in sentence. (*See* ECF No. 254 at 2-3; ECF No. 296 at 5.) Accordingly, Defendants arguments are properly before the Court in his request for compassionate release.

### A. Extraordinary and Compelling Reasons

The Court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and a "reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A); *see also United States v. Hargrove*, 30 F.4th 189, 194 (4th Cir. 2022). While a court has broad discretion to consider

what constitutes an extraordinary and compelling reason under § 3582(c)(1)(A), a court is not wholly unrestricted. *See Davis*, 99 F.4th at 657. Section 3582 is not an opportunity for resentencing, but an opportunity to modify a sentence in circumstances as guided by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817, 825 (2010).

1. <u>Change In The Law</u>

The Sentencing Commission policy guidelines provide a change in the law may be an extraordinary and compelling reason to modify a sentence when:

> (a) the defendant is serving an unusually long sentence; (b) the defendant has served at least 10 years; and (c) an intervening change in law has produced a gross disparity between the sentence imposed and the sentence likely to be imposed under the change in the law.

U.S.S.G. § 1B1.13(b)(6). The Fourth Circuit has recognized that a non-retroactive change in the law may be an extraordinary and compelling reasons to support a modification of sentence. *See Davis*, 99 F.4th at 657-58.

As Defendant argues, Hobbs Act robbery, and thus conspiracy to commit Hobbs Act robbery, is no longer considered a "crime of violence under the career offender provision of the Sentencing Guidelines." *United States v. Green*, 996 F.3d 176, 181-82 (4th Cir. 2021). Therefore, his conviction would no longer qualify as an offense under U.S.S.G. § 4B1.1. The Government concedes that if sentenced today Defendant would no longer qualify as a career offender and his sentencing guideline range would be reduced. However, the Government, relying on the Court's March 9, 2022, Order denying relief on the prior motion for compassionate release, argues that Defendant's lower sentencing range from this change in the law range is not "exceptionally dramatic" and does not support a reduction. (ECF No. 263 at 8.)

5

Though the framework set up by the Sentencing Commission policy guidelines in U.S.S.G. § 1B1.13(b)(6) did not exist when the Court issued its earlier Order, the Court was guided by *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), and its reasoning followed substantially the same path. *Cf. United States v. Robinson*, No. 05CR343, 05CR344, 2024 WL 382511, at *2 (M.D.N.C. Feb. 1, 2024) (recognizing that "section 1b1.13(b)(6) approximately codifies the principles of *McCoy*."). In ruling, the Court recognized Defendant would no longer qualify as a career offender. *United States v. Baines*, No. 1:13CR255-2, 2022 WL 706779, at *7 (M.D.N.C. Mar. 9, 2022). However, it noted that the change in his sentence, while a "significant difference," was "not an exceptionally dramatic one" as shown by the defendants in *McCoy* which were differences of 20 to 30 years. *Id.* In denying the motion, the Court further noted that in contrast to the *McCoy* defendants, Defendant was far older at the time he committed his crimes and had a very lengthy criminal history. *Id.* at *7.

In considering Defendant's current motion for compassionate release the Court has the benefit of the Fourth Circuit's ruling in *Davis*. In *Davis*, the Fourth Circuit noted that without the career offender enhancement, the defendant's sentencing guideline range would fall from 188 to 235 months' imprisonment to 92 to 115 months' imprisonment, and that if sentenced under the current law Davis would likely be out of prison. *Davis*, 99 F. 4th at 661. The Fourth Circuit characterized the difference between the original sentence and the sentence Davis would face under the current law as "stark" and "substantial." *Id.* While it remanded for the district court to rule on the ultimate question of whether Davis established an extraordinary and compelling reason for a reduction, it recognized the case presented a "potentially gross sentencing disparity." *Id.*

6

Defendant's case presents a similarly substantial change between his sentence and the sentence he would likely receive if sentenced today. Without the career offender enhancement, Defendant's guideline range would drop from 262 to 327 months' imprisonment to 117 to131 months' imprisonment. Defendant's sentencing guideline exposure would be reduced by more than half. Even if he was sentenced at the top end of the new range, his sentence would be almost 11 years shorter than the sentence he is currently serving. Like the defendant in *Davis*, if sentenced in the range applicable today Defendant would likely have completed his sentence and be out of prison. Instead, Defendant has nearly seven years left to serve in prison. Accordingly, the Court concludes that Defendant has shown a gross disparity between the sentence imposed and the sentence likely to be imposed under the current law. Defendant, who has also served approximately 12 years in prison, has established an extraordinary and compelling reason that may support a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A).

2. <u>Rehabilitation</u>

In making his motion, Defendants generally refers to his rehabilitative efforts while in prison to support his request for release. It appears that Defendant refers to his rehabilitation to show his individual circumstances support granting relief, not as an extraordinary and compelling reason. (*See* ECF 266 at 2-3.) However, given the liberal construction afforded *pro se* filings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Court will consider whether Defendant's rehabilitation amounts to an extraordinary and compelling reason to support the reduction. Rehabilitation "is not, by itself, and extraordinary and compelling reason" for release, but the Court may consider rehabilitation "in combination with other circumstances

in determining whether and to what extent" a sentence reduction is warranted. U.S.S.G. § 1B1.13(d).

The record indicates Defendant has participated in the Challenge program and Medication-Assisted Treatment ("MAT") while at USP Hazelton. (ECF No. 254 at 3.) Defendant has also completed over 376 hours of additional BOP programming, (ECF No. 298 at 5), and as the Court noted in its earlier ruling, he "has been enrolled in courses nearly continuously despite the pandemic and being transferred among facilities." *Baines*, 2022 WL 706779, at *5. These are positive steps towards rehabilitation and suggest he is working to overcome his substance abuse and other issues, and to better himself while incarcerated. Defendant also asserts he has tutored inmates working towards their GED and made efforts to mentor younger prisoners to "help them change their criminal ways." (ECF No. 266 at 2.) These efforts are commendable. However, this conduct is what is expected of an inmate. *See United States v. Logan*, 532 F. Supp. 3d 725, 735 (D. Minn. 2021) ("Prisoners are *supposed* to follow the rules, take classes, work at job and otherwise attempt to improve themselves. That a prisoner does so mean that he has met baseline expectations, not that he has done something extraordinary.") Moreover, as discussed below, Defendant's evidence of rehabilitation is diminished by his record of disciplinary infractions. Consequently, Defendant's evidence of rehabilitation does not establish an extraordinary and compelling reason to support a reduction. However, the Court will consider evidence of rehabilitation in making the individualized determination as to whether Defendant's case warrants a reduction.

**B.     3553(a) Factors**

Having found an extraordinary and compelling reason to support a reduction, the Court must consider whether the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence. In making this analysis, the Court considers a number of factors to include: the nature of the offense; the defendant's personal history; the sentence relative to the nature and seriousness of his offense; the need for a sentence imposed to demonstrate just punishment for the crime; the need to protect the public and deter crime; the need to provide a defendant with effective rehabilitative circumstances; and the need to avoid sentencing disparity. *See* 18 U.S.C. § 3553(a). A court may consider post-sentencing facts in the record such as behavior while incarcerated and rehabilitation efforts. *United States v. Martin*, 916 F.3d 389, 397 (4th Cir. 2019); U.S.S.G. § 1B1.13(d). Under § 3553(a) the goal is for a sentence "sufficient, but not greater than necessary" to satisfy the goals of sentencing. 18 U.S.C. § 3553(a).

As discussed, the Court recognizes Defendant's positive efforts towards rehabilitation while he has been in prison. The Court also acknowledges information provided by Defendant and a family member indicating Defendant has remained in contact with his family and children, and despite his incarceration has been a positive influence on his sons. (ECF No. 297 at 1.) Nonetheless, a consideration of the § 3553(a) factors overall do not support granting a reduction.

While Defendant has demonstrated positive behavior in prison, his record also shows concerning disciplinary infractions. (ECF No. 263-3 at 1-4; ECF 298 at 4-5.) He contends he has learned from his mistakes and changed, but his record shows numerous infractions,

including for possession and use of drugs or alcohol while in prison which suggest he continues to struggle with those issues. (ECF No. 298 at 5.) He has been cited for two disciplinary infractions since he filed his motion, and as recently as March of 2025 Defendant was cited for possessing a dangerous weapon. (ECF No. 298 at 5.) Defendant has asked this Court to reduce his sentence but at the same time engaged in conduct that caused him to lose good time credit and will delay his projected release date.[3] This behavior undercuts his arguments that he has changed, and makes it difficult for the Court to conclude he will not reoffend or pose a danger to the public should he be released.

     Defendant's criminal history also weighs against a reduction. Defendant has a lengthy pattern of criminal conduct that started in his early teens. (ECF No. 128, ¶ 86.) He has numerous convictions for felony possession of drugs and a prior federal conviction for being a felon in possession of a firearm. (*Id.*, ¶ ¶ 54-64.) Defendant was convicted of felony conspiracy to commit burglary while on supervised release from an earlier conviction. (*Id.*, ¶ 64.) Less than a year after his release from his prior federal sentence he was involved in the conspiracy underlying the instant convictions. This history suggests his periods of incarceration have done little to deter new criminal conduct. As the Court noted at sentencing, his record appears to reflect that he has never successfully completed a term of probation or parole. (ECF No. 91 at 5.) This raises a significant question about the appropriateness of granting Defendant an early release.

---

[3] In May of 2023, Defendant's projected release date was April 3, 2032. (ECF No. 263-2 at 4.) However, his current projected release date is May 14, 2032. *See* Fed. Bureau of Prisons, *Find An Inmate*, https://www.bop.gov/inmateloc/ (last visited Jun. 2, 2025).

The serious nature of the offenses in the instant case also weighs against a reduction. Defendant was charged based on the plan to rob a fictitious stash house. (*See* ECF No. 128, ¶¶ 9-33.) During preliminary discussion, Defendant was recorded suggesting that "it would be cleaner if they just killed everyone associated with the drug stash house." (*Id.*, ¶ 12.) He later reiterated his willingness to kill anyone inside the stash house and even considered killing the undercover agents. (*Id.*, ¶¶ 21-22, 29.) Defendant conceded at sentencing that he made these statements. (ECF No. 91 at 15, 20.) Defendant has argued to the Court that there were no drugs for him to steal or drug dealers to kill. (*See, e.g.*, ECF No. 266 at 1.) This provides little reassurance considering the evidence of his willingness to engage in violent conduct of the worst kind. As the Court previously noted, "while the target of the robbery was a fictious stash house, Baines' criminal conduct in conspiring to commit the robbery was very real." *Baines*, 2022 WL 706779, at *3.

Lastly, the Court considers Defendant's argument that the disparity between his sentence and the sentences of his co-defendants warrants relief. As the Court explained in its March 9, 2022, Order, Defendant and his co-defendants entered different plea arrangements which impacted the length of their sentences. The co-defendants were able to successfully challenge their § 924(c) convictions and were resentenced, a path not available to Defendant as his 924(c) conviction was based not solely on the Hobbs Act robbery, but also a drug trafficking offense.[4] *Baines*, 2022 WL 706779, at *4. Defendant has not presented any relevant

---

[4] Defendant was originally offered the same plea agreement as the co-defendants but rejected the offer. *United States v. Baines*, No. 1:13CR255-2, 2022 WL 706779, at *4 (M.D.N.C. Mar. 9, 2022).

law or facts on this issue which warrant reconsideration of the Court's earlier analysis and conclusion. *See Burgos-Valencia*, 2023 WL 4629606, at *1.

Accordingly, a consideration of the factors under § 3553(a), particularly Defendant's personal history, the need to deter crime, and the need to protect the public weigh against granting a reduction in sentence. A reduced sentence would not promote respect for the law, protect the public, or afford adequate deterrence. *See* 18 U.S.C. § 3553(a)(2).

### IV. MOTION FOR APPOINTEMENT OF COUNSEL

In a supplement to his motion, Defendant includes a summary request for the appointment of counsel. (ECF No. 295 at 6.) The right to counsel does not extend beyond the first appeal of right. *See United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000). A motion under § 3582 is not an opportunity to relitigate sentencing issues and does not require appointment of counsel or a hearing on the claims. *Id.* at 730. Defendant has not indicated why counsel is necessary. As shown by the record, Defendant has presented the reasons he believes entitle him to relief, however, as discussed, he fails to persuade the Court he is entitled to a reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Accordingly, Defendant has failed to demonstrate a particular need that supports appointing counsel in this matter.

For the reasons stated above, the Court enters the following:

### ORDER

**IT IS THEREFORE ORDERED** that Defendant's Motion for Compassionate Release, (ECF No. 254), is **DENIED**.

This, the 17th day of June 2025.

/s/ Loretta C. Biggs
Senior United States District Judge